**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ROBERT COOPER, # 209556 | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  JFM-13-3692 |
| | * | |
| BRAD BRINEGAR, | * | |
| C or F DAVIS, | * | |
| B. PAYTON, | * | |
| CPL LOGSDON, | * | |
| CPL WILBURN, | * | |
| CPL BARB, | * | |
| CPL HENDRICKS, | * | |
| CHIEF MICHAEL P. THOMAS, | * | |
| CPL. S.A. WILSON, | * | |
| CPL. R. CONNER, | * | |
| CPL. J. FONTAIN, | * | |
| CPL. HETZ, | * | |
| CPL. M. DAVIS, | * | |
| OFFICER HENDRICKS,[1] | * | |
| S. DILLEY,[2] | * | |
| RONALD SHANE WEBER, | * | |
| FRANK BISHOP | * | |
| Defendants. | ****** | |

**MEMORANDUM**

In response to Robert Cooper's ("Cooper") complaint as supplemented (ECF 1, 6, 33), Defendants, former Warden Frank B. Bishop, Jr. Chief of Security Michael P. Thomas, Sgt. Brett E. Payton, C.O. II Brad M. Brinegar, C.O. II Clinton T. Davis, C.O. II William L. Logsdon, C.O. II Brett A. Wilburn, C.O. II Charles L. Barb, II, C.O. II David L. Hedrick, C.O. II Steven A. Wilson, C.O. II Jeremiah L. Fontaine, C.O. II Nicholas A. Hetz, C.O. II Matthew J. Davis, C.O. II Ronald L. Connor, and Mental Health Professional Counselor (MHPC) Supervisor

---

[1] Officer Hendrick and Cpl. Hendrick appear to be the same individual. No claims are raised against a defendant named Hendrick.  Service was accepted by counsel on behalf of David L. Hedrick, C.O. II.  (ECF 10).

[2] Service has not been obtained on Officer S. Dilley, who is on extended military leave. ECF 27-1, n. 3; ECF 39-2 (declaration of Renee Emerick).

Ronald S. Weber, by their counsel, have filed a motion to renew motion for summary judgment. ECF No. 39.  Cooper has filed an opposition.  ECF No. 42.

A hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2014).  For reasons to follow, defendants' motion to renew motion for summary judgment (ECF No. 39) will be GRANTED.

## BACKGROUND

Cooper is an inmate at Western Correctional Institution ("WCI").  He filed this complaint on December 6, 2013, alleging, among other things, that he was subjected to excessive use of force by WCI correctional officers on October 22, 2013. ECF 1.  The complaint subsequently was supplemented. ECF No. 6, 33; ECF No. 39-1 n. 1.

On September 8, 2014, defendants filed a motion to dismiss or, in the alternative, motion for summary judgment with declarations and verified exhibits.  ECF No. 27. Cooper filed an opposition. ECF No. 31.  Defendants have incorporated by reference their September 8, 2014, motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 27), in their renewed motion for summary judgment.  ECF No. 39-1,

On September 9, 2015, the court, treating defendants' dispositive motion (ECF No. 27) as one for summary judgment, granted summary judgment in part and denied summary judgment in part. ECF No. 34, 35.  The motion was denied as to the claim correctional officers would not permit Nurse Dennis Martin to attend to Cooper's alleged physical injuries after he was taken to the medical unit on October 22, 2013, following the use of force incident. Summary judgment as to this claim was denied subject to renewal within twenty-eight days with declarations and verified exhibits.  The court granted summary judgment in favor of defendants as to all other claims. *Id*.

## DISCUSSION [3]

The facts of this case are outlined in the court's memorandum of September 9, 2015 (ECF No. 34) incorporated by reference herein, and are not here repeated except as necessary for resolution of defendants' pending motion.

Cooper alleged in his supplemental complaint, which is the form of a declaration, that when he was taken for medical evaluation October 22, 2013 after the use of force incident, "correctional staff" permitted him to be treated for pepper spray exposure only, and not his physical injuries. ECF No. 33 ¶ 1.[4] Cooper claimed that unidentified correctional officers told Nurse Dennis Martin what they wanted him to write in his report about Cooper's visit to the medical unit. *Id.*[5] Because defendants did not address this claim in their dispositive motion as initially filed, the court denied summary judgment as to this claim subject to renewal.

In support of their renewed motion for summary judgment, Defendants have submitted Nurse Dennis Martin's declaration. ECF 39-3. Martin denies Cooper's allegations that correctional officers did not permit him to treat his physical injuries, attesting:

> These allegations are untrue. I do not allow correctional officers to determine how I conduct a medical examination and I do not allow correctional officers to tell me what to write in medical records. When I met with Plaintiff on October 22, 2013, I examined him and I noted that he had a minor open area/abrasion at the top of his head. He had no bleeding or swelling, he denied loss of consciousness and the reported gait was in normal limits. No other injuries were noted or reported. The contents of the October 22, 2013 medical record accurately and complete describes [sic] Plaintiff's condition.

---

[3] The standard of review outlined in court's earlier memorandum (ECF 34) is incorporated herein.

[4] After Cooper filed essentially the same claims based on the October 22, 2013, use of force incident in Civil Action JFM-14-629, the court consolidated Civil Action JFM-14-629 under Civil Action JFM-13-3692. The complaint in Civil Action JFM-14-629 (ECF 1) was docketed in JFM-13-3692 as a supplement to the complaint in the earlier case.

[5] The record is unclear which officers were in the medical unit with Cooper. ECF 34 at 8-9. Officer Dilley may have escorted Coper to the medical room. *Id.* As noted, Officer Dilley is on extended military leave and service was not obtained on him. *See infra* note 2.

ECF 39-3 ¶ 3.

Additionally, defendants have filed a verified copy of the medical report Martin completed during Cooper's medical evaluation on October 22, 2013. ECF 39-4. The medical report was written contemporaneously with the evaluation and is consistent with Martin's declaration. The physical findings contained in medical report read:

> Inmate brought down to HU 4 medical room by officers. Inmate involved in pepper spray exposure. Inmate cuffed behind back. Vital signs taken. Inmate reports burning eyes. Perrl. Lungs clear, bowl sounds + pulses + skin is warm and dry. A&ox3. Perrl. Inmate has minor open area/abrasion top of head. No bleeding. Denied loc. No swelling noted or reported. Gait wnl. Able to bear full weight on extremities. Good pulses and cap refill. No other injuries noted or reported at this time.

*Id.* Martin recommended a shower and a change of clothes to address Cooper's exposure to pepper spray. *Id.*

In opposition, Cooper generally states he "disagree[s] with the statement that Nurse Martin didn't observe any other physical injuries and that the Plaintiff did not report any other physical injuries." ECF No. 42 ¶ 4. Cooper states that he disagrees that the officers didn't intimidate Martin. *Id.* at ¶ 3. Cooper, however offers no details, declarations, or verified exhibits to substantiate this otherwise self-serving and conclusory assertion or to refute defendants' verified exhibits and declarations.

Nonmedical correctional staff are entitled to rely on the medical judgment and expertise of prison medical and mental health providers concerning the course of treatment necessary for an inmate. *See Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995); *Miltier v. Beorn*, 896 F.2d 848, 854–55 (4th Cir. 1990). Prison officials are entitled to rely on professional judgment of trained medical personnel and may be found to have been deliberately indifferent by intentionally interfering with an inmate's medical treatment ordered by such personnel. *Id.*

Here, Cooper does not identify the officers nor particularize how they prevented his treatment for physical injuries.  Even if it were assumed that an officer had actually attempted to instruct Martin as Cooper alleges, Martin's declaration makes clear that he provided treatment based on his own observations and physical examination of Cooper. Plaintiff's conclusory allegations are not supported by the record and are insufficient to survive summary judgment. Martin's declaration and the medical record made contemporaneously with Cooper's examination on October 22, 2013, refute Cooper's allegations. In light of the foregoing, the court is persuaded that no genuine dispute of material fact exists as to whether Cooper was prevented from receiving necessary medical treatment in violation of his rights under the Eighth Amendment.  Accordingly, defendants are entitled to summary judgment in their favor as a matter of law.

## CONCLUSION

For these reasons the court finds there are no genuine issues of material fact at issue. Defendants will be granted summary judgment in their favor and this case will be dismissed.  A separate order will follow.


  May 31, 2016                              /s/
Date                                        J. Frederick Motz
                                            United States District Judge